IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

F. ALLAN MIDYETT, M.D.,
    Plaintiff,
v.                 Civil No. 12-5184

ROBERT LEVY and
UNITED STATES OF AMERICA,
    Defendants.

MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS
ALL CLAIMS AGAINST ROBERT LEVY

   Comes now the United States of America, through Conner Eldridge, United States

Attorney, and Claude S. Hawkins, Jr., Assistant United States Attorney, and submits this

memorandum brief in support of motion to dismiss all claims against Robert Levy, states:

   This case was originally filed in the Circuit Court of Washington County against Robert

Levy, a federal employee.  The case was removed to the U.S. District Court on the August 17,

2012.  On September 18, 2012, this Court substituted the United States for Robert Levy as to

tort claims, leaving Robert Levy in the case pertaining to specifically listed federal claims only.

The Court also dismissed with prejudice all plaintiff's state tort claims against Robert Levy,

individually. Doc. 21.  Robert Levy now moves to dismiss all claims made against him.

   The only claims remaining against Robert Levy in this case are based upon allegations

that he violated 5 U.S.C. § 2302, the No FEAR Act, and the Whistleblower Protection Act.  In

this Court's Order of September 18, 2012, the Court stated:

    10.  For the foregoing reasons, the Motion To Substitute should be granted, the
    claims for defamation, libel, and tortious interference with business expectancies
    dismissed, and the United States substituted as defendant in place of Levy on the
    remaining state law tort claims.

There are, however, other allegations, to the effect that Levy violated federal laws, i.e., 5 U.S.C. § 2302, the No Fear Act, and the Whistleblower Protection Act. Neither party has briefed the relationship of these federal claims to the Federal Tort Claims Act, and the Court believes that the prudent course of action is to retain Levy as a named defendant until this matter is further clarified.

(Order, Doc. 21, pp. 6-7).

Therefore, the only claims remaining against Robert Levy are claims made under 5 U.S.C. § 2302, the No FEAR Act, and the Whistleblower Protection Act. Plaintiff has failed to state a claim upon which relief can be granted as against Robert Levy, and the complaint should be dismissed as to Robert Levy. Fed.R.Civ.P. 12(b)(6).

<u>No FEAR Act Does Not Create Private Cause Of Action and<br>Claims Under the Whistleblower Protection Act and 5 U.S.C. § 2302<br>Cannot Be Brought in U.S. District Court</u>

The No FEAR Act of 2002 - Public Law 107-174 creates no substantive rights for the payment of damages. The No FEAR Act requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury. *See* Pub. Law 107-174, Sec. 201. The court in *Williams v. Spencer*, __ F.Supp. __, 2012 WL 3264569 (D.D.C., 2012), stated: "Finally, plaintiff's opposition makes repeated references to the "No Fear Act." . . . However, that Act does not provide a private cause of action. *See,* generally, Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No FEAR Act"), 5 U.S.C. § 2301 et seq.; *see also Glaude v. United States*, 248 Fed. App'x. 175, 177 (Fed.Cir. 2007) ("Of the few courts that have considered claims made under the No FEAR Act, none have found that the Act provides a private cause of action or creates a substantive right for which the government must pay damages."); *Baney v. Mukasey*, No.

06-2064, 2008 WL 706917, at *6-7 (N.D. Tex. Mar. 14, 2008) (finding no private cause of action)."

Claims under the Whistleblower Protection Act and 5 U.S.C. § 2302 cannot be brought in U.S. District Court. Federal employees do not have a right to bring a Whistleblower complaint before the U.S. District Court. *Greenhouse v. Geren*, 574 F.Supp.2d 57 (D.D.C. 2008). The court in *Greenhouse* summarized the procedure under the Whistleblower Protection Act as follows:

> The Whistleblower Protection Act, 5 U.S.C. § 2302, ("WPA"), provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct. Under the procedures set forth in Title 5, an employee who believes she is the victim of an unlawful reprisal must first bring her claim to the OSC, which investigates the complaint. *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). If the OSC finds that there was a prohibited personnel action as defined by § 2302, it reports its findings to the Merit Systems Protection Board ("MSPB"), and it can petition the MSPB on the employee's behalf. *Id.* If the OSC finds no agency wrongdoing, then the employee herself may bring an action before the MSPB via an Individual Right of Action (IRA) appeal. 5 U.S.C. §§ 1221; 1214(a)(3); *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir.2000). The MSPB's decision is appealable to the Federal Circuit. 5 U.S.C. § 7703. The Federal Circuit reviews the claim on the administrative record under the arbitrary and capricious standard. *Id.* at § 7701(c), 7703(b)(1). Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance. *Stella*, 284 F.3d at 142.

574 F.Supp.2d at 64-65.

<u>Plaintiff Has No Right To Recover Damages In A Civil Action Taken For Alleged Unconstitutional Actions In Federal Employment Decision</u>

The Civil Service Reform Act (CSRA) preempts challenges to personnel actions brought under federal law and under state common tort law. *Broughton v. Courtney*, 861 F.2d 639, 642 (11th Cir. 1988). (Demoted federal employee's suit against supervisors based upon state tort claims were preempted by CSRA).

The Supreme Court has declined to allow a right to recover damages in a civil action taken for unconstitutional actions in federal employment decisions. *Bush v. Lucas*, 462 U.S. 367 (1983). A federal employee sued the director of federal space flight center in state court to recover for alleged defamation and retaliatory demotion. The case was removed to federal court, and summary judgment granted to the defendant. The Supreme Court affirmed, holding that the federal employee has no cause of action for damages for an alleged retaliatory demotion in view of the available remedies under the Civil Service Commission regulations. The Supreme Court decided that Congress was in a better position to decide whether a federal employee who had been improperly disciplined in violation of his constitutional rights should have a right to recover damages from his supervisor, and declined to create such a right. 462 U.S. at 390.

In *Elgin v. Department of Treasury*, __ U.S. __, 132 S.Ct. 2126 (2012), the Supreme Court held that the statutory review scheme provided by the CSRA supports the Court's conclusion that the CSRA statutory review is exclusive, even for employees who bring constitutional challenges to federal statutes. 132 S.Ct. at 2135. The Supreme Court held that the CSRA review scheme was intended to preclude district court jurisdiction over a federal employee's claim who was discharged pursuant to a federal statute which is alleged to be unconstitutional since the CSRA provisions are the exclusive avenue to judicial review by the Federal Circuit. In so finding, the Supreme Court stated: "Under the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., certain federal employees may obtain administrative and judicial review of specified adverse employment actions. The question before us is whether the CSRA provides the exclusive avenue to judicial review when a qualifying employee challenges

an adverse employment action by arguing that a federal statute is unconstitutional. We hold that it does." 132 S.Ct. at 2130.

Respectfully submitted,

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By:   /s/ *Claude S. Hawkins, Jr.*
  Claude S. Hawkins, Jr.
Bar Number 77062
Assistant U.S. Attorney
414 Parker Avenue
Fort Smith, AR 72901
Phone:  479-783-5125
Fax:  479-441-0569
Email:  claude.hawkins@usdoj.gov

## CERTIFICATE OF SERVICE

I, Claude S. Hawkins, Jr., Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that I electronically filed the foregoing with the Court using the CM/ECF System. I further certify that a true and correct copy of the foregoing was mailed this 17th day of October, 2012, to Dr. F. Allan Midyett, M.D., 4678 Clear Creek Blvd., Fayetteville, AR 72704.

/s/ *Claude S. Hawkins, Jr.*
_____
Claude S. Hawkins, Jr.
Assistant U.S. Attorney